IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA KING, Administratrix of the ESTATE OF PAUL RICHARD KING | **COMPLAINT FOR DAMAGES** |
| *Plaintiff,* | **Civil Action No.:** |
| VS. | **DEMAND FOR JURY TRIAL** |
| NATIONAL RAILROAD PASSENGER CORPORATION, an inter-city rail service colloquially referred to as AMTRAK | |
| *Defendant.* | |

## CIVIL ACTION

### Jurisdiction and Venue

1. This Court has jurisdiction of this matter under 28 U.S.C. Section 1332 in that there is a complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. The venue is proper in this district pursuant to 28 U.S.C. 1391 (a) and (c) in that Defendant is a corporation licensed to do business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred in this district.

### Parties

3. Plaintiff's Decedent, Paul Richard King ("Mr. King"), was an adult individual and citizen of Pennsylvania, who resided therein at 4950 Wellington Street Philadelphia, PA 19135.

4. Plaintiff Lisa King ("Plaintiff") was appointed Administratrix of the Estate of Paul Richard King, on June 20, 2023. Said estate has a mailing address of 9317 Melrose Street, Philadelphia, PA 19114 (A copy of the Short Certificate is attached hereto as **Exhibit "A"**).

5. Defendant National Railroad Passenger Corporation, a/k/a , d/b/a AMTRAK ("Amtrak") is a corporation created by federal statute. 49 U.S.C. § 24191 (2000). Amtrak's principal place of business is in the District of Columbia, 49 U.S.C. 24301 (b).

## Operative Facts

6. Amtrak owns railroad lines in the eastern United States that are enclosed by fencing.

7. Amtrak is responsible for building, repairing, and maintaining said fencing.

8. On or about May 12, 2022, there was a gaping hole in the fencing protecting the track at the dead end of National Street near 6900 State Road in Philadelphia, Pennsylvania.

9. On or about May 12, 2022, Mr. King walked through said hole onto the tracks.

10. It is common practice for individuals to walk through said hole in the fence adjacent to the railroad in order to gain access to a nearby residential area.

11. On May 12, 2022, at approximately 8:15 a.m., Septa train #705 struck and killed Mr. King.

12. It is alleged, and therefore averred that Amtrak knew or had reason to know that adults were likely to trespass on the train tracks in this area of its land because

they erected fencing which would prevent trespassers from walking onto the tracks.

13. Thus, trespassers were anticipated.

14. Amtrak, as a possessor of the land on which the incident took place, owed Mr. King a duty of care to avoid serious bodily injury or death.

15. It is also alleged and therefore averred that Amtrak knew or should have known that a complete, well-maintained fence was necessary to prevent adults from trespassing on its train tracks. As such, Amtrak knew or should have known that lack of such a fence would pose an unreasonable risk of death and/or a serious bodily injury to those adults.

16. It is also alleged and therefore averred that Amtrak failed to exercise reasonable care to eliminate the danger and risk of death and serious bodily injury or otherwise protect adult trespassers from this danger.

17. It is also alleged and therefore averred that was entirely foreseeable, at the time of the incident in question, that adult trespassers would walk through the hole in Amtrak's fence, onto the train tracks, owned and operated solely by Amtrak, because of the history of similar incidents and there was a lack of fencing or other barriers which would prevent adults from entering onto the tracks.

18. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, Mr. King died at the scene of the incident.

19. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, Mr. King's daily activities and usual life's pleasures were forever extinguished.

20. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, Mr. King's earning capacity and employment opportunities were terminated.

21. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, the Estate of Paul Richard King incurred liability for emergency medical services, funeral, and household expenses.

## COUNT I
## NEGLIGENCE

22. Plaintiff incorporates all preceding paragraphs as though set forth in full.

23. Amtrak was negligent in failing to repair a gaping hole in the fence adjacent to the train tracks.

24. Amtrak's negligence was a proximate cause of the injuries to Mr. King.

25. Amtrak knew, or should have known, its train tracks near a residential area, would have been considered a "shortcut" to the residential area, and therefore would attract trespassers.

26. Amtrak's actions were willful, wanton, and reckless in flagrant disregard for the safety of the general public, and the foreseeable risks posed by ignoring the presence of a large opening in the fence adjacent to the train tracks.

**WHEREFORE**, Plaintiff prays for the following relief:

    A.    that the Court award compensatory damages to Plaintiff and against Amtrak in an amount determined at trial by a jury;

    B.    that the Court award punitive damages to Plaintiff, and against Amtrak, in an amount to be determined at trial, that will deter such conduct by Amtrak in the future;

    C.    for a trial by jury

D.  pre-judgment and post-judgment interest and recovery of Plaintiff's costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E.  for any and all relief to which Plaintiff may be entitled.

## COUNT II
## WRONGFUL DEATH

27. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

28. Plaintiff brings this action pursuant to the Wrongful Death Act 42 Pa. C.S.A Section 8301 and claim all damages recoverable under the Pennsylvania Wrongful Death Act.

29. The names of all persons who may be entitled by law to recover damages, as well as their relationship to Mr. King, respectively, are as follows:

   a. Lisa King, sister of Paul Richard King.

   b. Mary Gasper, sister of Paul Richard King.

   c. Patricia Quinn, sister of Paul Richard King.

   d. Eugene King, brother of Paul Richard King.

   e. Eugene Long, son of Valerie Watson (deceased), who was the sister of Paul Richard King.

   f. Derek Watson, son of Valerie Watson (deceased), who was the sister of Paul Richard King.

g. As a direct and proximate result of Amtrak's negligence and carelessness as set forth above, which is incorporated herein, Mr. King's death beneficiaries have been caused to incur and pay various expenses related to their deaths.

**WHEREFORE**, Plaintiff prays for the following relief:

      A.    that the Court award compensatory damages to Plaintiff and against Amtrak in an amount determined at trial by a jury;

      B.    that the Court award punitive damages to Plaintiff, and against Amtrak, in an amount to be determined at trial, that will deter such conduct by Amtrak in the future;

      C.    for a trial by jury;

      D.    pre-judgment and post-judgment interest and recovery of Plaintiff's costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

      E.    for any and all relief to which Plaintiff may be entitled.

## COUNT III
## SURVIVAL ACTION

h. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

i. Plaintiff brings this action on behalf of the Estate of Paul Richard King, deceased, by virtue of the Survival Act, 42 Pa. C.S.A. Section 8302, and claims all benefits of the Survival Act on behalf of those entitled to recover under law.

j. As a direct and proximate result of Amtrak's negligence and conduct as set forth above, which is incorporated herein, Plaintiff claims on behalf of the Estates of Paul Richard King, all damages suffered by the Estate of Paul Richard King by reason of the death of Mr. King, including without limit to the generality of the following: the severe injuries to Mr. King which resulted in his death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Mr. King suffered prior to his death; the loss of future earning capacity suffered by Mr. King, from the date of his death until the time in

the future he would have lived had he not died as a result of the injuries he sustained; expenses for medical care; and all damages specifically provided for under the Pennsylvania Wrongful Death Act and Survivors Act.

**WHEREFORE**, Plaintiff prays for the following relief:

    A.    that the Court award compensatory damages to Plaintiff and against Amtrak in an amount determined at trial by a jury;

    B.    that the Court award punitive damages to Plaintiff, and against Amtrak, in an amount to be determined at trial, that will deter such conduct by Amtrak in the future;

    C.    for a trial by jury;

    D.    pre-judgment and post-judgment interest and recovery of Plaintiff's costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

    E.    for any and all relief to which Plaintiff may be entitled.

Respectfully submitted,

**THE IGWE FIRM**

/s/ Emeka Igwe, Esquire
Emeka Igwe, Esquire
Attorney for Plaintiff
1500 John F. Kennedy Blvd, Suite 1900
Philadelphia, PA 19102
Phone: 215-278-9898
Email: emeka@igwefirm.com

Date: October 5, 2023

# EXHIBIT "A"

**REGISTER'S OFFICE**
**PHILADELPHIA COUNTY, PA**

№ A3884-2023

ESTATE OF **PAUL RICHARD KING**

Social Security No. **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**

WHEREAS, **PAUL RICHARD KING**
late of **4950 WELLINGTON STREET, PHILADELPHIA, PA 19135**

died on the 12th day of May 2022 and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, TRACEY L. GORDON, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **LISA KING**

who ha s duly qualified as **Administratrix** of the estate of the above named decedent and ha s agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the 23rd day of August 2023

Deputy Register

10-35 (Rev 10/99)