IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA KING, Administrator of the Estate of PAUL RICHARD KING, *Plaintiff,* v. NATIONAL RAILROAD PASSENGER CORPORATION, et al., *Defendants.* | CIVIL ACTION NO. 23-3883 |

## ORDER

**AND NOW**, this 28th day of June 2024, upon consideration of Plaintiff Lisa King's Amended Complaint (ECF No. 14), Defendants Amtrak and SEPTA's Motions to Dismiss (ECF Nos. 16, 27), King's Responses (ECF Nos. 25, 26, 31, 32) and Defendants' Replies (ECF Nos. 28, 33), it is **ORDERED** that the Motions are **GRANTED**. The portions of Count I predicated on the attractive nuisance doctrine or Defendants' failure to erect, repair or maintain fencing or other barriers are **DISMISSED** with prejudice.[1]

---

[1] The Court recited this case's factual background in a prior opinion. *See King v. Nat'l R.R. Passenger Corp.*, No. 23-3883, 2024 WL 665335, 2024 U.S. Dist. LEXIS 27131 (E.D. Pa. Feb. 16, 2024) (ECF No. 12.) In summary, this case concerns the death of Paul Richard King, who was struck by a train while walking across railroad tracks in Philadelphia. Paul accessed the tracks through a large hole in a fence. His sister and administrator of his estate, Lisa King, sued the National Railroad Passenger Corporation ("Amtrak"). King alleged Amtrak negligently failed to properly fence off the track. Because "a railroad has no duty to erect fences on its right-of-way to deter trespassers," *Scarborough v. Lewis*, 565 A.2d 122, 126 (Pa. 1989), the Court dismissed King's claims with leave to amend.

King's Amended Complaint also names the Southeastern Pennsylvania Transportation Authority ("SEPTA") as a defendant. (¶ 6, ECF No. 14.) She also alleges new theories of negligence, contending for example that the train engineer failed to observe Paul on the track until it was too late to stop the train or warn Paul. (*Id.* ¶¶ 27-35.) Additionally, King alleges Paul was a licensee rather than a trespasser because the accident occurred on a permissive crossing. (*Id.* ¶¶ 12-16.) A permissive crossing is "an express or implied license . . . to pass over the property of [a] railroad company." *Gaul v. Consol. Rail Corp.*, 556 A.2d 892, 894 (Pa. Super. Ct. 1989) (citing *Henry v. Pa. R.R. Co.*, 84 A.2d 675, 677 (Pa. 1951)). It "places upon the railway company the duty of care comparable to that required at a regular crossing." *Id.* (quoting *Hamley v. George*, 76 A.2d 181, 183

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

(Pa. 1950)).  King also alleges the hole in the fence created an attractive nuisance.  (Am. Compl. ¶¶ 40-47.)  Amtrak and SEPTA seek only to dismiss King's claims based on the attractive nuisance doctrine and their alleged failure to properly fence or barricade the tracks.  (Amtrak Mem. in Supp. of Mot. to Dismiss pp. 4-10, ECF No. 16-1); (SEPTA Mem. in Supp. of Mot. to Dismiss pp. 1-2, ECF No, 27-1) (page numbers assigned by ECF).  Neither Amtrak nor SEPTA move to dismiss King's alternatively pled allegations that it negligently operated the train that struck Paul.  (Amtrak Reply Mem. pp. 1-3, ECF No. 28); (SEPTA Mem. in Supp. of Mot. to Dismiss pp. 1, 7.)

The defendants had no duty to erect or maintain fencing along the railroad track or otherwise barricade the crossing.  Paul's alleged licensee status does not change this outcome.  To argue otherwise requires circular reasoning.  King cannot "argue simultaneously that [Paul] had Amtrak's permission to cross its property . . . but that Amtrak was negligent in not preventing [him] and other members of the public from crossing the tracks."  *See Laurie v. Nat'l Passenger R.R. Co.*, 105 F. App'x 387, 390-91 (3d Cir. 2004) (quoting *Laurie v. Nat'l Passenger R.R. Co.*, No. 01-6145, 2003 WL 24133057, 2003 U.S. Dist. LEXIS 4910, at *7 (E.D. Pa. Mar. 10, 2003)).

King cannot circumvent this rule through the attractive nuisance doctrine either.  "Pennsylvania law provides that possessors of land are liable for damages caused by 'Artificial Conditions Highly Dangerous to Trespassing Children.'"  *Good v. FirstEnergy Corp.*, No. 3:13-149, 2015 WL 6703321, 2015 U.S. Dist. LEXIS 148608, at *18 (M.D. Pa. Nov. 3, 2015) (citing Restatement (Second) of Torts § 339)).  Fatally, this doctrine "is limited to instances in which *children* unlawfully enter or remain on land."  *Est. of Zimmerman v. Se. Pa. Transp. Auth.*, 168 F.3d 680, 688 (3d Cir. 1999) (emphasis added); *see also Longbottom v. Paul H. Yeomans, Inc.*, 28 Pa. D. & C.4th 474, 480 (Pa. Ct. Com. Pls. 1993) ("We have found no case in Pennsylvania or any other jurisdiction which has applied the attractive nuisance doctrine to a healthy, competent 18-year-old."), *aff'd sub nom Longbottom v. Sim-Kar Lighting Fixture Co.*, 651 A.2d 621 (Pa. Commw. Ct. 1994).  Paul is an adult, (Am. Compl. ¶ 3), so the doctrine does not apply to him.

Moreover, SEPTA is entitled to sovereign immunity from these claims.  "It has long been established that SEPTA is an agency of the Commonwealth and, as such, is entitled to sovereign immunity."  *Royal v. Se. Pa. Transp. Auth.*, 10 A.3d 927, 929 (Pa. Commw. Ct. 2010) (citing *Feingold v. Se. Pa. Transp. Auth.*, 517 A.2d 1270 (Pa. 1986)).  This immunity is waived when: "(1) the alleged act is a negligent act for which damages would be recoverable under the common law or by statute, and (2) the act falls within one of the specifically enumerated exceptions listed in 42 Pa. C.S. § 8522(b)."  *Id.* (citing *Manella ex rel. Manella v. Port Auth.*, 982 A.2d 130, 132 (Pa. Commw. Ct, 2009)).  To satisfy the first prong of this test, plaintiffs "must prove the requisite elements of negligence," including "the defendant's duty or obligation recognized by law."  *Manning v. Pa. Dep't of Transp.*, 144 A.3d 252, 256 (Pa. Commw. Ct. 2016).  Because the defendants did not have a duty to erect, maintain or repair fencing or otherwise barricade the tracks, King cannot do so.  The same goes for her attractive nuisance claim, since again, it does not apply to Paul.

These claims are predicated on a legal duty neither defendant owed.  Granting leave to amend would accordingly be futile, since even as amended the complaint "would fail to state a claim upon which relief could be granted."  *Kurtz v. Westfield Ins.*, 610 F. Supp. 3d 703, 710 (E.D. Pa. 2022) (quoting *Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546, 559 (E.D. Pa. 2019)).