IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA KING, Administratrix of the Estate of PAUL RICHARD KING, *Plaintiff,* v. NATIONAL RAILROAD PASSENGER CORPORATION, et al., *Defendants.* | CIVIL ACTION NO. 23-3883 |

## ORDER

**AND NOW**, this 17th day of March 2025, to cure the deficiencies in Plaintiff's Petition to Settle Wrongful Death and Survival Action (ECF No. 54), it is **ORDERED** that Plaintiff's counsel shall file, by **Monday, March 24, 2025**, a supplemental brief and/or supporting documents addressing the following topics:

1. The reasonableness of the requested 40% attorneys' fees award, including additional detail as to Counsel's education, experience, regular hourly rate, the hours worked on this matter and the tasks performed[1];

2. Additional detail as to the costs Counsel accrued and why they are reasonable under the circumstances[2]; and

---

[1] The Petition claims simply "Plaintiff's attorneys spent nearly hundreds of hours on the Estate's behalf," (Pet. for App. of Settlement at 9, ECF No. 54), which provides no meaningful information which the Court could use to assess the attorneys' fee award.

[2] While Counsel claims his expenses were for "filing the . . . complaint, service of the complaint, retaining an expert to review the matter, postage and copying costs," (Pet. for App. of Settlement at 11), the Court needs precise information and documentation of these expenses before it can determine whether they were appropriate under the circumstances.

3. The reasonableness of allocating 100% of the settlement proceeds to the wrongful death claim, including whether Paul King died intestate, the beneficiaries, if any, of his will, whether he was survived by issue or parents, his earning capacity, and the extent to which Lisa King or others relied upon his financial support.[3]

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[3] In the Petition, Counsel simply states, "Decedent's earning capacity for the remainder of his life was negligible," and that "Decedent may not be considered to be something of a provider." (Pet. for App. of Settlement at 6.) The Court requires more than these conclusory statements before it may pass on the reasonableness of this distribution.