IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA KING, Administratrix of the Estate of PAUL RICHARD KING, *Plaintiff*, v. NATIONAL RAILROAD PASSENGER CORPORATION, et al., *Defendants*. | CIVIL ACTION NO. 23-3883 |

**Pappert, J.**                                                                                                   May 1, 2025

**<u>MEMORANDUM</u>**

On March 4, 2025, Lisa King filed a petition to approve the settlement of this wrongful death and survival action. For reasons outlined in its prior orders, the Court twice denied the petition without prejudice. King filed the second amended petition on April 29, 2025. For the reasons below, the Court approves the proposed settlement.

I

Lisa King is the administratrix of her brother Paul Richard King's estate. (Sec. Am. Pet. at 1, ECF No. 63.) On May 12, 2022, Paul King was hit and killed by a SEPTA train while he attempted to cross railroad tracks owned by Amtrak. (Compl. ¶ 11, ECF No. 1.) Paul King died intestate with no surviving spouse, parents or issue. (Sec. Am. Pet. ¶ 50.) He is survived by his sisters Mary Gasper, Patricia Quinn, and Lisa King; his brother Eugene King; and two nephews who are the issue of his deceased sister, Valerie Watson. (Compl. ¶ 29.)

Lisa King hired attorney Emeka Igwe at an agreed upon contingency fee of 40%,

(Sec. Am. Pet. ¶ 41), and then filed this lawsuit bringing wrongful-death and survival claims against SEPTA and Amtrak, (Compl. at 5–7). Defendants have agreed to settle the claims against them for a gross settlement amount of $20,000. (Sec. Am. Pet. ¶ 16.) King seeks the following allocation: (1) $8,000 to the Igwe Firm in counsel fees pursuant to the 40% contingency fee agreement; and (2) $12,000 in survival benefits to Paul King's estate. (*Id.* at 13.)

II

Pennsylvania law requires court approval of proposed settlements of survival actions brought by an estate. 20 Pa. Cons. Stat. § 3323(b). The primary purpose of this requirement is "to protect the estate, as well as the creditors and beneficiaries thereof." *Moore v. Gates*, 580 A.2d 1138, 1141 (Pa. Super. Ct. 1990); *see also Soares v. McClosky*, 466 F. Supp. 703, 707 (E.D. Pa. 1979) (explaining § 3323 "protects potential beneficiaries, assures that the taxing authority gets its due, and shelters the decedent's representative from subsequent liability"). Further, "where wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction." *Moore*, 580 A.2d at 1141. Section 3323 also allows the Court to approve any "agreement for the payment of counsel fees and other proper expenses . . . ." 20 Pa. Cons. Stat. § 3323(b)(1).

Therefore, approval of a survival-action settlement requires determinations as to: (1) "the adequacy of the proposed settlement amount"; (2) "the reasonableness of the proposed apportionment of the settlement amount between the wrongful death and survival action claims"; and (3) "the reasonableness of the attorneys' fees and costs

requested." *Boykin v. Platinum Healthcare Grp., LLC*, No. 22-2939, 2024 WL 387638, at *7–8 (E.D. Pa. Jan. 31, 2024).

III

A

The Court begins with the total settlement amount of $20,000. When determining the "fair value of the lawsuit," the Court typically gives "considerable weight" to the judgment of counsel and the parties. *Matter of McLean Contracting*, No. 14-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017) (citation omitted). The Court also must consider "the strengths and weaknesses of the particular case, including whether the plaintiffs face any issues of proof that could hamstring their efforts to establish liability." *Tamasy v. Yough Sch. Dist.*, No. 18-1236, 2019 WL 5864893, at *2 (W.D. Pa. Nov. 8, 2019) (quotation omitted).

Here, King's counsel negotiated the settlement of $20,000 with experienced defense counsel at arms-length and in good faith with the assistance of Magistrate Judge Elizabeth T. Hey. (ECF No. 51.) This is a fair valuation of the lawsuit, as King's claims were tenuous. The Court dismissed the Complaint with leave to amend in February of 2024. (ECF No. 13.) When King filed an Amended Complaint, (ECF No. 14), it was met by partial motions to dismiss from both defendants, (ECF Nos. 16 & 27), which the Court granted. (ECF No. 34). Once discovery was completed, Defendants filed motions for summary judgment outlining the formidable legal and factual hurdles King's claims faced. (ECF Nos. 46 & 47.) Given the weaknesses in her case, both Lisa King and her counsel agree that the $20,000 settlement amount is "fair, just, and equitable." (Sec. Am. Pet. at 16, 18.). *Cf. In re Hughes Estate*, 59 Pa. D. & C.2d 680,

682 (Pa. Ct. Comm. Pl. of Adams Cty. 1972) (approving the settlement because of the high "risk of recovering something less than the amount achieved by the settlement").

B

Pursuant to a contingency fee agreement, King requests forty percent of the settlement proceeds, $8,000, in attorneys' fees. (Sec. Am. Pet. ¶ 33.) "[C]ourts should be reluctant to disturb contingent fee arrangements freely entered into by knowledgeable parties." *Ryan v. Butera, Beausang, Cohen & Brennan*, 193 F.3d 210, 215 (3d Cir. 1999). In wrongful-death/survivor actions, courts have approved attorneys' fee awards of up to forty percent of the settlement proceeds, particularly where they reflect a previously agreed-upon contingency fee arrangement. *See, e.g.*, *Est. of Spence v. Yeadon Borough*, No. 24-1530, 2025 WL 834489, at *4–5 (E.D. Pa. Mar. 17, 2025); *Boykin*, 2024 WL 387638, at *7; *Salas v. Goldenberg*, No. 22-2179, 2023 WL 8832422, at *2 (E.D. Pa. Dec. 20, 2023); *Hammonds v. Luzerne Cty.*, 19-2199, 2020 WL 5517496, at *2 (M.D. Pa. Dept. 14, 2020).

Nonetheless, the Court must independently review the settlement's proposed distribution to counsel. "A settlement that protects a contingency fee and recovery of costs first and an estate's recovery thereafter is the proper subject of close judicial scrutiny." *Est. of Eckelberry v. CSX Transp., Inc.*, No. 18-365, 2019 WL 5068413, at *3 (W.D. Pa. Oct. 9, 2019) (quoting *Carter v. Southeastern Pa. Transp. Auth.*, 809 A.2d 464, 466-67 (Pa. Commw. Ct. 2002)).

In reviewing attorneys' fee awards in settlement agreements, Pennsylvania courts first consider the "the rate of professional compensation usual at the time and place" for the particular kind of case. *Thompson Estate*, 232 A.2d 625, 630 (Pa. 1967).

If the parties seek a departure from the ordinary rate, courts consider the factors outlined in *LaRocca Estate*, 246 A.2d 339 (Pa. 1968) and Pa. R. Civ. P. 1717.

Here, King's counsel, Mr. Igwe, spent approximately 27 billable hours on her behalf, including responding to multiple motions to dismiss, engaging in relatively light discovery, and attending an hours-long mediation session with Judge Hey. (Sec. Am. Pet. ¶ 46.) Igwe has practiced law for twenty years, (*id.*), so his reasonable billing rate under the Community Legal Services of Philadelphia fee schedule is between $535–625 per hour.[1] *Cf. Lynch v. Tasty Baking Co.*, No. 23-4445, 2024 WL 4530111, at *4 (E.D. Pa. Oct. 18, 2024) ("Courts in this District often ascertain a reasonable rate by looking to the fee schedule published by Community Legal Services of Philadelphia."). 27 hours billed at a rate of $535 per hour would result in a fee of $14,445. Because the requested fee of $8,000 is below the prevailing local rate for lawyers of Igwe's experience, the proposed award is fair.

C

Finally, the Court must evaluate the proposed distribution between the survival and wrongful-death claims. The proposed settlement allocates 100% of the remaining settlement proceeds—$12,000—to the survival claim and 0% to the wrongful-death claim. (Sec. Am. Pet. ¶ 52.) The Court's role is to "protect the estate" when portions of a survival action settlement are allocated to a wrongful death claim. *Moore*, 580 A.2d at 1141. Since the proposed settlement does not allocate anything away from the survival claim, it is *per se* reasonable under this factor. Indeed, an allocation to the

---

[1]   The most recent fee schedule may be found at https://clsphila.org/about-community-legal-services/attorney-fees/.

wrongful-death claim would not make sense.  The Pennsylvania Wrongful Death Act permits recovery for the "spouse, children or parents" of the decedent, 83 Pa. Cons. Stat. § 8301(b), but Paul King died without a spouse, children or parents, (Sec. Am. Pet. ¶ 50).  Thus, there are no wrongful-death beneficiaries who would have been entitled to an allocation under the settlement agreement.  On the other hand, Paul King died intestate with several living siblings and nephews, who are potential heirs to his estate.  *See* 21 Pa. Cons. Stat. § 2103(3) (noting that, where there is no surviving spouse, issue or parents, the share of decedent's estate shall pass "to the issue of each of the decedent's parents").[2]

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

---

[2] The Second Amended Petition asks the Court to distribute the $12,000 between Paul King's siblings according to the laws of intestate succession in Pennsylvania.  However, that is a job for the probate court.  The Court's role is limited to approving the $12,000 distribution to the Estate of Paul King.

6